## SUPREME COURT.

### SMEDES agt. WILD.

An agreement declared void, for indefiniteness, uncertainty and gross inadequacy of consideration.
Interest allowed on the loan of money, where a chattel mortgage given to secure its repayment was silent as to interest.

*New York Special Term, November* 1852. The defendant loaned the plaintiff $100, to enable her in part to purchase the furniture of a boarding house, taking a chattel mortgage on the whole, valued at about $300, as security. Nothing was said about the payment of interest; but another agreement drawn up by the defendant, was executed in the following words:

"Know all men by these presents, that whereas the undersigned, John Wild, is about to lend to Matilda C. Smedes, also undersigned, the amount of one hundred dollars, to enable her to purchase out a certain boarding house at No. 41 Forsyth street, in the city of New York; and whereas in consideration thereof the said Matilda C. Smedes hereby covenants and agrees that the said John Wild shall receive out of the profits of said boarding house one clear half of the same, payable at such times as shall be hereafter agreed between the parties hereto.

In witness, etc. etc. Signed by the parties, with their seals affixed.

<hr>

Smedes agt. Wild.

<hr>

Proceedings to sell under the mortgage having been instituted, the plaintiff asks for an injunction to stay them.

—— ——, *for Plaintiff.*

—— ——, *for Defendant.*

ROOSEVELT, Justice.—There is no sufficient averment in the complaint to raise the question of usury. To warrant a demand for relief on that ground, a case must first be made. Besides, the mortgage contains no stipulation for the payment of interest, whether more or less than the legal rate. It merely provides for the repayment of the principal. From the collateral agreement, however, executed about the same time, it would seem that the lender was to be compensated (instead of interest) by a participation in the profits of the boarding house, to the extent of one clear half. In other words, in lieu of one dollar and seventy-five cents, which would have been the lawful interest, he was to have an indefinite compensation, depending on the success of the establishment; but he was to bear no losses, and to have his principal returned at all events, undiminished, in one, two, three, four and five months, by equal installments of $20. And how were these profits to be determined—how much was to be allowed for the plaintiff's services—when were the accounts to be adjusted—how long was the arrangement to continue? On all these points the agreement is silent. It merely provides that the one half of the profits is to be payable to the defendant " at such times as shall be hereafter agreed between the parties."

But suppose no time can be agreed upon—and none has been, or is likely to be—what then becomes of the arrangement? The defendant, as between him and the plaintiff, is not a partner, and has no control over the house; and the plaintiff, for aught that appears, may stop the house, and of course stop the profits, whenever she pleases. Such an agreement is clearly void.

It is void for its palpable indefiniteness and uncertainty, to say nothing of its gross inadequacy. The latter objection, however, is too prominent to be overlooked. How could a court, exercising equity as well as common law powers, give effect to a contract between a business man and an inexperienced woman, requiring the latter, at her own expense and risk, and with

her own care and labor, to fit up and conduct a boarding house establishment, for an indefinite period, and to pay one half of the profits to the former, as an equivalent for the use of one hundred dollars for the average period of three months?

The defendant, however, is entitled to his money actually loaned, and to the benefit of the mortgage security on the furniture, if he consents to relinquish the oppressive collateral agreement. Equity also seems to require the payment of interest, if other profits are denied.

An order will, therefore, be entered continuing the injunction, unless the defendant consents to accept that amount, to be paid within thirty days, and to cancel the collateral agreement.